JAMES M. PETERSON (Bar No. 137837)
peterson@higgslaw.com
GEOFFREY M. THORNE (Bar No. 284740)
thorneg@higgslaw.com
HIGGS FLETCHER & MACK LLP
401 West A Street, Suite 2600
San Diego, CA  92101-7910
Telephone:   (619) 236-1551
Facsimile:    (619) 696-1410

Attorneys for Defendant
O'REILLY AUTO ENTERPRISES, LLC

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEODORE HATLESTAD, an individual,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>O'REILLY AUTO ENTERPRISES LLC, a limited liability company; AUSTIN GILMORE, an individual; JASON VELLIDO, an individual; and DOES 1-30, inclusive,<br><br>　　　　　　　　Defendants. | Case No. _____<br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332(A), 1441(B) (DIVERSITY)**<br><br>**[DEMAND FOR JURY TRIAL]**<br><br>CASE FILED:  October 24, 2022 |

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

CASE NO.:
NOTICE OF REMOVAL

11400758.1

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF:**

**PLEASE TAKE NOTICE** that Defendant O'REILLY AUTO ENTERPRISES, LLC ("O'Reilly") hereby removes this action from the Superior Court of the State of California, County of Kern, to the United States District Court for the Eastern District of California, pursuant to 28 U.S.C. sections 1332, 1441 and 1446. This case is being removed upon grounds of diversity jurisdiction based on the allegations of Plaintiff THEODORE HATLESTAD ("Plaintiff").

## I.

## STATEMENT OF THE CASE

1. On October 24, 2022, Plaintiff filed a lawsuit in the Superior Court of the State of California, County of Kern, entitled *Theodore Hatlestad v. O'Reilly Auto Enterprises, LLC, et al.*, Case No. BCV-22-102839. (Thorne Decl., ¶ 2.)

2. In his Complaint, Plaintiff asserts causes of action for disability discrimination (Cal. Govt. Code § 12940(k)), retaliation (Cal. Govt. Code § 12940(h)), disability harassment (Cal. Govt. Code §12940(j)), failure to prevent (Cal. Govt. Code § 12940(k)), negligent hiring, training, supervision and/or retention, wrongful termination in violation of public policy, unlawful / unfair business practices (Cal. Bus. & Prof. Code §§ 17200, *et seq.*), and intentional infliction of emotional distress. A copy of Plaintiff's October 24, 2022 Complaint is attached hereto as "**Exhibit A**."

3. O'Reilly was served with process on its registered agent on November 28, 2022. (Thorne Decl., ¶ 3.)

4. A copy of the Summons, Civil Case Cover Sheet, and Notice of Assignment to Judge for all Purposes and Notice of Order to Show Cause re CRC Rule 3.110 and Notice of Case Management Conference (constituting all documents served on O'Reilly together with the Complaint) are attached hereto as "**Exhibit B**."

HIGGS FLETCHER & MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

- 2 -

CASE NO.:
NOTICE OF REMOVAL

11400758.1

5. In accordance with 28 U.S.C. section 1446(a), a copy of all process and pleadings served by, or on, O'Reilly are attached hereto as Exhibit A [Complaint] and Exhibit B [Service Documents].

## II.

## TIMELINESS OF REMOVAL

6. A defendant in a civil action has thirty (30) days from the date it is served with a summons and complaint to remove the action to federal court. 28 U.S.C. § 1446(b); Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48 (1999). Where the deadline falls on a weekend, it is extended to the next day that is not a weekend or holiday. Fed. R. Civ. P. 6(a)(1).

7. In this case, O'Reilly was served on November 28, 2022. (Thorne Decl., ¶ 3.) The 30-day statutory period therefore falls on December 28, 2022 and this Notice of Removal was timely filed. See 28 U.S.C. § 1446(b).

8. To O'Reilly's knowledge, no other individual or fictitious "Doe" defendants (including "Does 1 through 30") have been served in this action. (Thorne Decl., ¶ 4.) As such, their consent to this removal is not required.

## III.

## BASIS FOR REMOVAL

9. This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a), and one which may be removed by O'Reilly pursuant to 28 U.S.C. § 1441(b), in that it is a civil action between citizens of different states where the amount in controversy, as framed by the allegations in the Complaint, exceeds the sum or value of $75,000, exclusive of interests and costs.[1]

/ / /

/ / /

/ / /

---

[1] The Court should disregard Messrs. Gilmore's and Vellido's presence in the analysis because they were "fraudulently" joined to defeat diversity. (¶¶ 15-26.)

A. **Diversity of Citizenship**

10. Plaintiff is a citizen of the State of California, in that he is a citizen of the United States of America who is domiciled in, and resides in, the State of California. See Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983); Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). Specifically, Plaintiff alleges he "is an individual residing at all relevant times herein mentioned in the County of Kern, State of California." (Ex. A, ¶ 2.)

11. For diversity purposes, a limited liability company is a citizen of "every state of which its owners / members are citizens." Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894 (9th Cir. 2006). Relatedly, a corporation is deemed to be a citizen of the state(s) where it is incorporated and where its principal place of business is located. 28 U.S.C. § 1332(c)(1); Hertz Corp. v. Friend, 130 S. Ct. 1181, 1186 (2010).

12. Defendant O'REILLY AUTO ENTERPRISES, LLC is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in Springfield, Missouri. (Merz Decl., ¶ 3.) O'Reilly has a single owner/member: Ozark Services, Inc., which is a corporation organized and existing under the laws of the State of Missouri with its principal place of business located in Springfield, Missouri. (Merz Decl., ¶ 4.)

13. At the time the action was commenced, and at the time of removal, Defendants AUSTIN GILMORE and JASON VELLIDO are/were a citizen of, and domiciled in, the State of California. (Ex. A, ¶¶ 4 [Gilmore], 5 [Vellido].) However, as discussed below, the Court should disregard Messrs. Gilmore's and Vellido's citizenship and domicile for removal purposes because they were "fraudulently joined."

///

///

///

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

- 4 -

CASE NO.:
NOTICE OF REMOVAL

11400758.1

14. Defendants DOES 1-30, inclusive, are unidentified as there is "no information as to who they are or where they live or their relationship to the action." It is therefore "proper for the district court to disregard them." McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987).

### Messrs. Gilmore and Vellido are "sham" defendants.

15. Fraudulent joinder "is a term of art." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity 'if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" Id., quoting McCabe, 811 F.2d at 1339 (applying fraudulent joinder doctrine in ignoring presence of individual supervisor defendants, who could not be liable for the subject employment claims as a matter of law). In other words, the fraudulent joinder doctrine applies where there is no possibility that a plaintiff can prove a cause of action against the resident (non-diverse) defendant in the state court action. Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318-1319 (9th Cir. 1998); Carriere v. Sears, Roebuck & Co., 893 F.2d 98,101 (5th Cir. 1990) (applying fraudulent joinder doctrine where employer was sued along with non-diverse coworker, on the grounds that the coworker was immune from liability under state law absent proof of intentional misconduct).

16. This Court should disregard Messrs. Gilmore's and Vellido's citizenship / domicile for purposes of removal because there is no possibility Plaintiff can state a viable cause of action against either individual.

### Plaintiff cannot state a claim against Messrs. Gilmore or Vellido.

17. Of the eight causes of action asserted by Plaintiff, the only claims alleged against Messrs. Gilmore and Vellido are for disability harassment (3rd COA), negligent hiring, training, supervision and retention (5th COA), and intentional infliction of emotional distress (8th COA).

HIGGS FLETCHER & MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

- 5 -

CASE NO.:
NOTICE OF REMOVAL

11400758.1

<u>Disability Harassment / Intentional Infliction of Emotional Distress.</u>

18.  The causes of action for disability discrimination and intentional infliction of emotional distress are predicated on the following allegations: (*a*) the termination of Plaintiff's employment, (*b*) the claimed denial of Plaintiff's right to use sick time, (*c*) the alleged "forcing" of Plaintiff to work despite being sick with Covid and with others who had symptoms, and (*d*) refusing to reinstate or re-hire Plaintiff.  (Ex. A, ¶¶ 96 [harassment allegations], 189 [IIED allegations]).

19.  Even assuming the truth of the allegations, they do not qualify as "harassing conduct" as a matter of law.  Indeed, the California Supreme Court has made clear that "necessary personnel management actions"—including those alleged by Plaintiff—cannot support a claim for harassment (c.f. discrimination):

> We conclude, therefore, that the Legislature intended that commonly necessary personnel management actions, such as hiring and firing, job or project assignments, office or work station assignments, promotion or demotion, performance evaluations, the provision of support, the assignment or nonassignment of supervisory functions, deciding who will be laid off, and the like, do not come within the meaning of harassment.  These are actions of a type necessary to carry out the duties of business and personnel management.  These actions may retrospectively be found discriminatory if based on improper motives, but in that event the remedies provided by the FEHA are those for discrimination, not harassment.  Harassment, by contrast, consists of actions outside the scope of job duties which are not of a type necessary to business and personnel management.  This significant distinction underlies the differential treatment of harassment and discrimination in the FEHA.

<u>Reno v. Baird</u>, 18 Cal.4th 640, 646-647 (Cal. 1998); <u>Roby v. McKesson Corp.</u>, 47 Cal.4th 686, 707 ("discrimination refers to bias in the exercise of official actions on behalf of the employer, and harassment refers to bias that is expressed or communicated through interpersonal relations in the workplace")

20.  The California Supreme Court further explained the distinction between discrimination and harassment claims as follows:

/ / /

> Harassment claims are based on a type of conduct that is avoidable and unnecessary to job performance. No supervisory employee needs to use slurs or derogatory drawings, to physically interfere with freedom of movement, to engage in unwanted sexual advances, etc., in order to carry out the legitimate objectives of personnel management. Every supervisory employee can insulate himself or herself from claims of harassment by refraining from such conduct. An individual supervisory employee cannot, however, refrain from engaging in the type of conduct which could later give rise to a discrimination claim. Making personnel decisions is an inherent and unavoidable part of the supervisory function. Without making personnel decisions, a supervisory employee simply cannot perform his or her job duties."

Reno, 18 Cal.4th at 646, quoting Janken v. GM Hughes Electronics, 46 Cal.App.4th 55, 64 (Cal. 1996).

21.  While styled as a cause of action for harassment, Plaintiff's legal theory is identical in form and substance as his claim for disability discrimination. Roby, 47 Cal.4th at 705, citing Reno, 18 Cal.4th at 645-647 ["In the FEHA, the terms 'discriminate' and 'harass' appear in separate provisions and define distinct wrongs."]; Miller v. Dept. of Corrections, 36 Cal.4th 446, 461 n. 5 (Cal. 2005) ["claims for sexual discrimination and sexual harassment are distinct causes of action, each arising from different provisions of the FEHA"].)  Indeed, the allegations of harassment challenge the claimed "adverse employment actions" on the part of O'Reilly.  (Ex. A, ¶¶ 96 [harassment allegations], 189 [IIED allegations]).  In contrast, there are no assertions that Messrs. Gilmore or Vellido engaged in any conduct towards Plaintiff that was outside the scope of their job duties and unrelated to business and personnel management (i.e., slurs, derogatory remarks, etc.).  Accordingly, Plaintiff did not—and cannot—state a viable claim against the individual defendants for disability harassment or the related theory of intentional infliction of emotional distress.

/ / /

/ / /

/ / /

- 7 -

CASE NO.:
NOTICE OF REMOVAL

Higgs Fletcher & Mack LLP
Attorneys at Law
San Diego

11400758.1

<u>Negligent Hiring, Training, Supervision and Retention.</u>

22. The cause of action for negligent hiring, training, supervision and retention is based on allegations that O'Reilly and Messrs. Gilmore and Vellido failed to provide proper training on: (*a*) disability retaliation and discrimination, (*b*) disability accommodations, (*c*) Cal/OSHA codes and regulations related to Covid, and (*d*) the California Labor Code pertaining to Covid.  (Ex. A, ¶ 142.)

23. In California, an employee who suffers a job-related injury is limited to recovery under the workers' compensation system. <u>Jones v. Dept. of Corr. & Rehab.</u>, 152 Cal.App.4th 1367, 1383 (Cal. 2007; <u>Livitsanos v. Superior Court</u>, 2 Cal.4th 744, 752-753 (Cal. 1992; <u>Cal. Lab. Code §§ 3602(a)</u>.  The exclusivity rule balances the competing interests of employers and employees who sustain workplace injuries.  <u>Jones</u>, p. 1383; <u>Shoemaker v. Myers</u>, 52 Cal.3d 1, 16 (Cal. 1990). Importantly, the exclusivity rule bars an employee from pursuing a civil action against an employer for negligence, including claims for negligent hiring, retention and supervision.  <u>Coit Drapery Cleaners, Inc. v. Sequoia Ins. Co.</u>, 14 Cal.App.4th 1595, 1606 (Cal. 1993), citing <u>Cole v. Fair Oaks Fire Protection Dist.</u>, 43 Cal.3d 148, 161 (Cal. 1987) ("Moreover, any claim for mere negligence by Coit would be barred here by the workers' compensation laws, since Seahorn was the employee of Coit and may not sue for its allegedly negligent or improper supervision. … Coit agrees with the principal that negligence occurring during Seahorn's employment would be barred by workers' compensation exclusivity principles … ."); <u>Vuillermainroy v. American Rock & Asphalt, Inc.</u>, Cal.App.4th 1280, 1282 (Cal. 1999) (employer cannot be sued even when negligence allegedly constitutes a crime).  Accordingly, Plaintiff's negligence claim is barred by the exclusivity rule.

24. Further, a claim for negligent hiring, training, supervision, or retention can only be asserted against an employer—not an individual defendant. <u>Doe v. Capital Cities</u>, 50 Cal.App.4th 1038, 1054 (Cal. 1996) ("California law

- 8 -

CASE NO.:
NOTICE OF REMOVAL

HIGGS FLETCHER & MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

11400758.1

recognizes the theory that an employer can be liable to a third person for negligently hiring, supervising, or retaining an unfit employee."); Phillips v. TLC Plumbing, Inc., 172 Cal.App.4th 1133, 1139 (Cal. 2009) 172 Cal.App.4th 1133, 1139 ("Negligence liability will be imposed on an employer if it 'knew or should have known that hiring the employee created a particular risk or hazard and that particular harm materializes."). Thus, no claim for negligent hiring, training, supervision or retention exists as to Messrs. Gilmore or Vellido.

25. Given that Messrs. Gilmore or Vellido cannot be liable for any of the charging allegations in the Complaint as a matter of law, Plaintiff cannot state a viable claim for disability harassment / intentional infliction of emotional distress, or for negligent hiring, training, supervision or retention. Thus, the Court should not consider the individuals' residency / domicile for purposes of the analysis.

26. Accordingly, diversity of citizenship exists because Plaintiff (California) is a not citizen of the same state as O'Reilly (Delaware / Missouri). 28 U.S.C. §§ 1332(a)(1), 1441(b)(2).

**B.   Amount in Controversy**

27. For purposes of diversity jurisdiction, when a complaint is unclear and does not specify "a total amount in controversy," the jurisdictional minimum may be satisfied by claims for compensatory and general damages, attorney's fees, and punitive damages. Simmons v. PCR Technology, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002), quoting Conrad Assoc. v. Hartford Accident & Indem. Co., 994 F. Supp. 1196, 1198 (N.D. Cal. 1998); see also Guglielmino v. McKee Foods Corp., 506 F.3d 696, 700 (9th Cir. 2007).

28. Plaintiff seeks money damages for general, special, and punitive damages. (Ex. A, at "Prayer for Relief.") Plaintiff did not allege in the Complaint, and it is unknown to O'Reilly, the economic damages (i.e., unpaid wages, medical bills, loss of earnings and benefits, back and front pay, and benefits) he allegedly lost as a result of the complained of conduct. However,

HIGGS FLETCHER & MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

- 9 -

CASE NO.:
NOTICE OF REMOVAL

11400758.1

even with conservative assumptions, Plaintiff's damages for loss of income / earnings totals ~ **$25,000** ($14.00 [minimum wage] **x** 30 hours [assumed hours worked per week] **x** 58 weeks [November 16, 2021 (termination date) to December 28, 2022] = $24,360). In addition, given that the trial date has not yet been set, and because it is unknown whether Plaintiff secured new work, additional lost income and earnings may accrue.

29. Plaintiff also claims money damages for emotional distress and general damages. (Ex. A, ¶¶ 71, 88, 107, 130, 155, 171, 196, and at "Prayer for Relief.") See Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999) (plaintiff's claims for pain and suffering and humiliation may properly be factored into the jurisdictional analysis for purposes of removal); see also Richmond v. Allstate Ins. Co., 897 F.Supp. 447, 450 (S.D. Cal. 1995) (noting that emotional distress damages, even where vaguely pled, can be potentially substantial).

30. Plaintiff also seeks punitive damages on his causes of action. (Ex. A, at "Prayer for Relief.") "It is well established that punitive damages are part of the amount in controversy in a civil action." Gibson v. Chrysler Corp., 261 F.3d 927, 945 (9th Cir. 2001). Punitive damages are intended to punish and are often based upon the net worth of the defendant. The wealthier the defendant, the larger the award of exemplary damages needs to be in order to accomplish the statutory objective. Bertero v. National General Corp., 13 Cal.3d 43, 65 (Cal. 1974).

31. Where attorney's fees are recoverable by a plaintiff either through statute or contract, as the case is here (Cal. Govt. Code § 12965), the fee claim is included in determining the amount in controversy. Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1155-1156 (9th Cir. 1988); see Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 1000 (9th Cir. 2007) (stating attorney's fees are included in assessing the amount in controversy where a plaintiff seeks their recovery per an underlying statute authorizing such an award through either mandatory or discretionary language). Even in a case where the damages are relatively small,

- 10 -

CASE NO.:
NOTICE OF REMOVAL

HIGGS FLETCHER & MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

11400758.1

attorneys' fees can still be significant.  See <u>Simmons v. PCR Technology</u>, 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002) (noting that, in the Court's twenty-plus years of experience, attorneys' fees in individual discrimination cases often exceed the damages).

32. Plaintiff seeks a monetary judgment against O'Reilly, however, Plaintiff did not expressly allege the amount in controversy on the face of the Complaint.  Nevertheless, it is apparent based on the allegations that the amount in controversy in this action, exclusive of interests and costs, will exceed $75,000, assuming *arguendo* that Plaintiff is able to prevail on his claims against O'Reilly, as he seeks: (*a*) general damages, (*b*) special damages, (*c*) punitive damages, and (*d*) attorney's fees.  (Ex. A, at "Prayer for Relief.")

33. As demonstrated above, the Complaint contains claims that clearly exceed the $75,000 amount in controversy requirement (indeed, his claims for economic damages, noneconomic damages, attorneys' fees, and punitive damages could each exceed the $75,000 jurisdictional requirement at the time of trial). O'Reilly does not concede Plaintiff's claims have any merit and provides the foregoing calculations and damage analysis solely to demonstrate that the amount in controversy, based on the relief sought in this action by Plaintiff, exceeds the $75,000 jurisdictional requirement.  Thus, this Court has original jurisdiction over this action based on diversity of citizenship under 28 U.S.C. sections 1332(a) and 1441(a).

### IV.
### ALL PROCEDURAL REQUIREMENTS HAVE BEEN MET

34. Plaintiff originally filed his complaint in the Superior Court of California, County of Kern, which is located within the Eastern District of California.  Therefore, venue is proper in this Court, as it is the "district and division embracing the place where such action is pending." <u>28 U.S.C. § 114(a)</u>.

/ / /

- 11 -

HIGGS FLETCHER & MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

CASE NO.:
NOTICE OF REMOVAL

11400758.1

35. Pursuant to 28 U.S.C. § 1446(d), O'Reilly will give written notice of the removal of this action to all parties and is filing a copy of that notice with the Superior Court of California, County of Kern.

## V.

## JURY TRIAL DEMAND

36. O'Reilly hereby demands a trial by jury on all causes so triable.

## VI.

## CONCLUSION

Wherefore, O'Reilly prays that the above-entitled action now pending against it in the Superior Court of California, County of Kern, be removed to this Court.

Dated: December 28, 2022                     HIGGS FLETCHER & MACK LLP

By: */s/ Geoffrey M. Thorne*
JAMES M. PETERSON
GEOFFREY M. THORNE
Attorneys for Defendant
O'REILLY AUTO ENTERPRISES, LLC

- 12 -

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

CASE NO.:
NOTICE OF REMOVAL

11400758.1